UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED GULIEX, | CASE NO. CV F 14-0094 LJO JLT |
| Plaintiff, | **ORDER TO DISMISS PURPORTED FEDEDRAL CLAIM AND TO REMAND** (Doc. 5.) |
| vs. | |
| PENNYMAC HOLDINGS, LLC, et al., | |
| Defendants. | |

**PRELIMINARY STATEMENT TO PARTIES AND COUNSEL**

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court must best manage its voluminous caseload without incurring needless delay and misuse of its limited resources. As such, this Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact United States Senators Dianne Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action.

**BACKGROUND**

On December 16, 2013, pro se plaintiff Fred Guliex ("Mr. Guliex") filed his complaint

1

("complaint") in Kern County Superior Court to pursue California statutory and common law claims to challenge nonjudicial foreclosure of his Arvin, California property ("property") after Mr. Guliex defaulted on his property loan. The complaint's second claim alleges violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code, §§ 17200, et seq., arising from a "direct violation of 12 U.S.C. § 2605(e)" of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, et seq. Defendants Pennymac Holdings, LLC and Pennymac Loan Services, LLC (collectively "Pennymac") removed the action to this Court on grounds that the UCL claim's reference to a RESPA violation invokes this Court's federal questions jurisdiction under 28 U.S.C. § 1441(a).

As discussed below, in the absence of a predicate RESPA violation, the UCL claim, and in turn the complaint, fail to sustain federal question jurisdiction to warrant remand of this action with this Court's decline to exercise supplemental jurisdiction over the complaint's predominant state law claims.

## DISCUSSION

### Sua Sponte Dismissal

This Court may conduct a sua sponte review of claims and is obligated to address whether a complaint invokes its jurisdiction.

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974);

*Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill*., 58 F.3d 295, 297 (7th Cir. 1995).

In addressing dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009), the U.S. Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

### Federal Question Jurisdiction

Pennymac purports to invoke this Court's federal question jurisdiction based on the RESPA reference in the complaint's UCL claim.

This court has an independent obligation to inquire into its own subject matter jurisdiction. *See, e.g., Bova v. City of Medford*, 564 F.3d 1093, 1095 (9th Cir. 2009). Congress has conferred subject matter jurisdiction on this Court for cases involving a federal question ("federal question jurisdiction") and for cases between citizens of different states ("diversity jurisdiction"). Diversity jurisdiction requires that the parties be citizens of different states and the amount in controversy exceed $75,000. 28 U.S.C. § 1332. A district court's federal question jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107S.Ct. 2425 (1987). Specifically, district courts have jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55.

As discussed below, no predicate RESPA violation supports a UCL claim to warrant remand of this action with this Court's decline to exercise supplemental jurisdiction over the complaint's predominant state law claims.

### **Unlawful Business Practice**

As relevant here, the complaint's UCL claim fails without a valid predicate RESPA claim.

"Unfair competition is defined to include 'unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising.'" *Blank v. Kirwan*, 39 Cal.3d 311, 329, 216 Cal.Rptr. 718 (1985) (quoting Cal. Bus. & Prof. Code, § 17200). The UCL establishes three varieties of unfair competition – "acts or practices which are unlawful, or unfair, or fraudulent." *Shvarts v. Budget Group, Inc.*, 81 Cal.App.4th 1153, 1157, 97 Cal.Rptr.2d 722 (2000). An "unlawful business activity" includes anything that can properly be called a business practice and that at the same time is forbidden by law. *Blank*, 39 Cal.3d at 329, 216 Cal.Rptr. 718 (citing *People v. McKale*, 25 Cal.3d 626, 631-632, 159 Cal.Rptr. 811

5

(1979)). "A business practice is 'unlawful' if it is 'forbidden by law.'" *Walker v. Countrywide Home Loans, Inc.*, 98 Cal.App.4th 1158, 1169, 121 Cal.Rptr.2d 79 (2002) (quoting *Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487 (1992)).

The UCL prohibits "unlawful" practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838, 33 Cal.Rptr.2d 548 (1999). The UCL "thus creates an independent action when a business practice violates some other law." *Walker*, 98 Cal.App.4th at 1169, 121 Cal.Rptr.2d 79. According to the California Supreme Court, the UCL "borrows" violations of other laws and treats them as unlawful practices independently actionable under the UCL. *Farmers Ins.*, 2 Cal.4th at 383, 6 Cal.Rptr.2d 487.

A fellow district court has explained the borrowing of a violation of law other than the UCL:

> To state a claim for an "unlawful" business practice under the UCL, a plaintiff must assert the violation of any other law. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999) (stating, "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other law and treats them as unlawful practices that the unfair competition law makes independently actionable.") (citation omitted). Where a plaintiff cannot state a claim under the "borrowed" law, she cannot state a UCL claim either. *See, e.g., Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal.App.4th 700, 718, 113 Cal.Rptr.2d 399 (2001). Here, Plaintiff has predicated her "unlawful" business practices claim on her TILA claim. However, as discussed above, Plaintiff's attempt to state a claim under TILA has failed. Accordingly, Plaintiff has stated no "unlawful" UCL claim.

*Rubio v. Capital One Bank*, 572 F.Supp.2d 1157, 1168 (C.D. Cal. 2008), *affirmed in part, reversed in part*, 613 F.3d 1195 (2010).

Moreover, "a plaintiff may not bring an action under the unfair competition law if some other statutory provision bars such an action or permits the underlying conduct." *Rothschild v. Tyco Internat. (US), Inc.,* 83 Cal.App.4th 488, 494, 99 Cal.Rptr.2d 721 (2000).

"A plaintiff alleging unfair business practices under these statutes [UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993); *see People v. McKale*, 25 Cal.3d 626, 635, 159 Cal.Rptr. 811 (1979) ("Without supporting facts

demonstrating the illegality of a rule or regulation, an allegation that it is in violation of a specific statute is purely conclusionary and insufficient to withstand demurrer"). Moreover, a UCL claim "cannot be predicated on vicarious liability." *Emery v. Visa Internat. Service Ass'n,* 95 Cal.App.4th 952, 960, 116 Cal.Rptr.2d 25 (2002). "The concept of vicarious liability has no application to actions brought under the unfair business practices act." *People v. Toomey,* 157 Cal.App.3d 1, 14, 203 Cal.Rptr. 642 (1984). "A defendant's liability must be based on his personal 'participation in the unlawful practices' and 'unbridled control' over the practices that are found to violate section 17200 or 17500." *Emery,* 95 Cal.App.4th at 960, 116 Cal.Rptr.2d 25 (quoting *Toomey*, 157 Cal.App.3d at 15, 203 Cal.Rptr. 642).

As discussed below, the complaint lacks facts of an unlawful business practice based on a RESPA violation to support a UCL claim.

## RESPA

The complaint alleges that on September 10, 2013, Mr. Guliex sent Pennymac a RESPA qualified written request ("QWR") to request a "copy of the original Note and a complete file of the loan transactional history" and that Pennymac "failed to supply the information Plaintiff requested to validate the debt obligation."

### *Qualification As A QWR*

RESPA addresses loan servicer duties to respond to borrower inquiries. RESPA requires a "servicer of a federally related mortgage loan" to acknowledge receipt of a borrower's QWR within five days and to respond substantively within 30 days. 12 U.S.C. § 2605(e).

A QWR is a "written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan" received by a "servicer of a federally related mortgage loan." 12 U.S.C. § 2605(e)(1)(A). "[T]o qualify as a QWR, the correspondence must satisfy several statutory requirements. Among other things, and most pertinent to the discussion here, a QWR must request information relating to the servicing of a loan." *Obot v. Wells Fargo Bank, N.A.,* 2011 WL 5243773, at *2 (N.D. Cal. 2011) (12 U.S.C. § 2605(e)(1)(A)). RESPA defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

1  Mr. Guliex' purported QWR is not attached to his complaint and based on the
2  complaint's allegations, neither sought information as to "servicing" his property loan nor
3  identified servicing errors. The complaint merely alleges that his letter sought information as
4  to his original note and transfers of it. Such requested information does not constitute
5  information as to loan servicing, especially considering that the gist of the complaint is to
6  challenge authority to foreclose on the property. Since Mr. Guliex' letter was not a QWR, no
7  RESPA violation arises from Pennymac's handling of or response to it. "Not all requests that
8  relate to the loan are related to the servicing of the loan." *Williams v. Wells Fargo, No. 10–*
9  *0399*, 2010 WL 1463521, at *3 (N.D. Cal. Apr.13, 2010). "A loan servicer only has a duty to
10 respond if the information request is related to loan servicing." *Copeland v. Lehman Bros.*
11 *Bank, FSB, No. 09–1774*, 2010 WL 2817173, at *3 (S.D. Cal. July 15, 2010).

### *Damages*

A purported UCL claim predicated on a RESPA violation fails in the absence of damages.

"RESPA states that anyone who violates RESPA shall be liable for damages to an individual who brings an action under the section." *Allen v. United Financial Mortg. Corp.*, 660 F.Supp.2d 1089, 1097 (N.D. Cal. 2009); *see* 12 U.S.C. § 2605(f). "[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiff must, at a minimum, also allege that the breach resulted in actual damages." *Hutchinson v. Del. Sav. Bank FBS,* 410 F.Supp.2d 374, 383 (D.N.J.2006); *see Molina v. Wash. Mut. Bank*, 2010 U.S. Dist. LEXIS 8056, at *20–21, 2010 WL 431439 (S.D. Cal. Jan. 29, 2010) ("Numerous courts have read Section 2605 as requiring a showing of pecuniary damages to state a claim"). "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused them actual harm." *Shepherd v. Am. Home Mortg. Servs., Inc.*, 2009 U.S. Dist. LEXIS 108523, at *3, 2009 WL 4505925 (E.D. Cal. Nov. 20, 2009) (citation omitted).

The complaint lacks facts or allegations that Mr. Guliex suffered pecuniary loss due to Pennymac's alleged RESPA violations in that the complaint references merely a cloud to

8

property title and "damages in an amount according to proof at trial." Such allegations are insufficient to support a RESPA violation for the UCL claim. *See Phillips v. Bank of America Corp.,* 2011 WL 132861, at *5 (N.D. Cal. 2011) ("Plaintiff merely alleges an 'amount to be determined at trial.' . . . This allegation is insufficient under RESPA").

### **Decline To Exercise Supplemental Jurisdiction**

The complaint's UCL claim, predicated on a RESPA violation, is the only avenue to attempt to invoke this Court's federal question jurisdiction. There is no diversity jurisdiction in that all parties are from California. This Court declines to exercise supplemental jurisdiction over the complaint's remaining predominant California claims.

A district court may "decline to exercise supplemental jurisdiction over a claim" when "the claim substantially predominates over the claim or claims which the district court has original jurisdiction" or "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(2), (3).

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, n. 7, 108 S.Ct. 614 (1988). *In United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727, 86 S.Ct. 1130 (1996), the U.S. Supreme Court further explained:

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals. There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong. . . . Finally, there may be reasons independent of jurisdictional considerations, such as the likelihood of jury confusion in treating

divergent legal theories of relief, that would justify separating state and federal claims for trial, Fed.RuleCiv.Proc. 42(b). If so, jurisdiction should ordinarily be refused.

"While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions of § 1367(c), it is informed by *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

No judicial economy, convenience or fairness to the parties justifies this Court's exercise of supplemental jurisdiction over the complaint's remaining California claims, especially given Pennymac's questionable removal. California law predominates with the complaint's elimination of the only conceivable federal claim. The complaint's California claims are not closely tied to federal policy to support exercise of supplemental jurisdiction. Given this Court's voluminous caseload, state court is better suited to hear this action to better serve the parties.

## **CONCLUSION AND ANSWER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice the complaint's UCL claim to the extent it is based on a RESPA violation;

2. DECLINES to exercise supplemental jurisdiction over the complaint remaining predominate California claims;

3. DIRECTS the clerk to take necessary steps to remand this action to the Kern County Superior Court and to close this action; and

4. VACATES all pending matters and dates before this Court, including the March 10, 2014 hearing on Pennymac's motion to dismiss and the May 8, 2014 scheduling conference.

/ / /
/ / /
/ / /

1  This Court will take no further action on the motion to dismiss or this case.

IT IS SO ORDERED.

  Dated:   **January 30, 2014**                    **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES DISTRICT JUDGE